UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID OREBAUGH,<br><br>Defendant. | Case No. 1:21-CR-00012-BLW<br><br>**REPORT AND RECOMMENDATION** |

    On May 25, 2021, Defendant David Orebaugh appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 16), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

    The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

**REPORT AND RECOMMENDATION - 1**

Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, Defendant made his initial appearance on a Complaint before the undersigned on December 1, 2020. (Dkt. 1, Case No. 1:20-MJ-00325-CWD.) At that time, the Government filed a motion for detention based on the statutory rebuttable presumption that Defendant posed a serious risk of flight under 18 U.S.C. § 3142(f)(2). A detention hearing was conducted on December 9, 2020, at which the Government withdrew its motion for detention and the parties stipulated to conditions of release as outlined in the Pretrial Services Report. The Court entered an order setting conditions of release which include abstention from alcohol, testing for controlled substances, travel restrictions, and the continuation or seeking of employment. (Dkt. 13, Case No. 1:20-MJ-00325-CWD.) Defendant been supervised during his pretrial release by the District of Nevada who reports the Defendant is currently in compliance with the conditions of his pretrial supervision.

While on release, Defendant has maintained full-time employment and started therapy sessions for PTSD. Defendant represents that his work crew would be seriously

disrupted if he were unable to continue working and that it is necessary for him to continue his therapy sessions as long as possible. Finally, Defendant provides assistance to his elderly mother with whom he resides. Defendant provided letters from his mother and employer demonstrating exceptional reasons in support of his continued release. (Dkt. 56.) The Pretrial Services Officer reports Defendant has maintained contact with his supervising officer during his pretrial release, that Defendant's compliance while on pretrial supervision has mitigated concerns related to risk of flight and danger to community, and recommends continued release upon the same terms and conditions. (Dkt. 54.)

According to the Government, there is no reason to believe Defendant is at an enhanced risk of flight or danger to the community at this time. Nor is the Government aware of any other factors increasing these risks.

Upon consideration of the totality of the circumstances presented in this case, including the stringent conditions of release and the disruption in the course of treatment of Defendant's PTSD that would occur with detention pending imposition of sentencing, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

**REPORT AND RECOMMENDATION - 3**

1) The District Court accept Defendant David Orebaugh's plea of guilty to Count Two of the Indictment (Dkt. 16),

2) The District Court order forfeiture consistent with Defendant David Orebaugh's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 16) and the Plea Agreement.

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Count One of the Indictment (Dkt. 16) as to Defendant.

4) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release dated December 9, 2020. (Dkt. 13, Case No. 1:20-MJ-00325-CWD.)

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: May 25, 2021

Honorable Candy W. Dale
United States Magistrate Judge